## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **SAUVENSON CALIXTE** | **CIVIL ACTION NO. 25-1813 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **KRISTI NOEM ET AL** | **MAG. JUDGE PEREZ-MONTES** |

### MEMORANDUM ORDER

Sauvenson Calixte ("Petitioner") moved for a temporary restraining order ("TRO") and a preliminary injunction, prohibiting his transfer or removal from the Western District of Louisiana. *See* ECF No. 7 at 2, 8; ECF No. 12 at 18. The Court denied the request for a TRO and ordered briefing on whether a preliminary injunction should issue. *See* ECF No. 8. Briefing having been completed, *see* ECF Nos. 14 & 19, the Motion is **DENIED**.

To obtain a preliminary injunction, one must show that one is "likely to succeed on the merits" of one's case. *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *United States v. Abbott*, 110 F.4th 700, 706-707 (5th Cir. 2024). "In this context, the 'merits' on which plaintiff must show a likelihood of success encompass not only substantive theories but also establishment of jurisdiction." *Obama v. Klayman,* 800 F.3d 559, 565 (D.C. Cir. 2015). So, "a party who fails to show a 'substantial likelihood' of [jurisdiction] is not entitled to a preliminary injunction." *Food & Water Watch, Inc. v. Vilsack,* 808 F.3d 905, 913 (D.C. Cir. 2015); *see also Tex. All. for Retired Ams. v. Hughs*, 976 F.3d 564, 567 n.1 (5th Cir. 2020) (citation omitted). As the respondents point out, *see* ECF No. 14 at 7, 19—20, Petitioner's case mostly rests on his contention that the United States initiated removal proceedings as

retaliation for his speech. *See* ECF No. 12 at 2–3. The decision to initiate removal proceedings—for whatever reason—is not challengeable in this Court. *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487–92 (1999); *see also Vargas v. United States Dep't of Homeland Sec.*, No. 1:17-cv-356, 2017 WL 962420, at *3 (W.D. La. Mar. 10, 2017). Petitioner asserts in reply that he is not challenging the initiation of removal proceedings but rather only his detention. *See* ECF No. 19 at 5, 8. This is poor gaslighting. *See id.* at 15 ("Despite fully complying with immigration law and not violating any provisions, the Respondents nonetheless initiated removal proceedings against the Petitioner"); ECF No. 12 at 7–15 (amended habeas petition challenging initiation of removal proceedings throughout); ECF No. 7 at 2–3 (initial motion, doing the same). But let's go down that road.

Petitioner cannot challenge here the immigration judge's discretionary determination that he poses a flight risk—or the resulting detention. *See* 8 U.S.C. § 1226(e); *see also Pensamiento v. McDonald*, 315 F. Supp. 3d 684, 688 (D. Mass. 2018) ("Congress has eliminated judicial review of discretionary custody determinations."); *Darko v. Sessions,* 342 F. Supp. 3d 429 (S.D.N.Y. 2018) (citing *Demore v. Kim,* 538 U.S. 510, 516–17 (2003)) ("Section 1226(e) thus insulates from federal judicial review any 'discretionary judgment' of the Attorney General (i.e., the immigration courts) regarding bond."). So, all this talk about Petitioner's "compliance, good faith, and respect for immigration laws" rendering Petitioner not a flight-risk falls on statutorily-deafened ears—tell it to the immigration judge. *See* ECF No. 19 at 13. Petitioner's citation to *Lopez Santos v. Noem,* No. 3:25-CV-01193, 2025 WL 2642278 (W.D. La. Sept. 11, 2025), for his assertion that "Courts in this Circuit treat § 1226(a)

as a discretionary custody regime subject to judicial oversight" is patently erroneous. *See* ECF No. 19 at 12.[1] *Lopez Santos* concerns mandatory detention—without a factual determination by an immigration judge. *See* 2025 WL 2642278, at \*1. Unable to show a likelihood of jurisdiction, Petitioner is not entitled to a preliminary injunction. *See Food & Water Watch,* 808 F.3d at 913.

But even on the *actual* merits, he still fails. Nothing has changed since our previous Order: Petitioner has not shown that he is likely entitled to lawful status or to a stay of his removal under the statutes he cited. *See generally* ECF No. 8 *and compare with* ECF Nos. 12 & 19. Evincing his fundamental misunderstanding of this issue, Petitioner explains that he is not currently accruing unlawful presence time—that such is tolled by virtue of his filing an I-485 form. *See* ECF No. 19 at 14. Correct! But he fails to explain how this advantage for status calculation purposes presents a bar to the initiation of removal proceedings. *See id.* Even more telling, Petitioner asserts that "substantial legal consequences" attach when an adjustment application is filed that "Respondents cannot ignore when assessing flight risk or determining whether continued detention is warranted." *Id.* at 15. That alone is an admission (a) that the filing of Form I-485 does not preclude removal and (b) that Petitioner improperly seeks our reassessment of Petitioner's flight risk. For all these reasons, his Motion for a Preliminary Injunction is **DENIED**. The matter is **REFERRED** to the Magistrate Judge to proceed in the normal course.

---

[1] Petitioner points the Court to other cases that are also irrelevant to these facts; each concludes that the district court lacked jurisdiction, and each has nothing to do with an IJ's discretionary bond eligibility determination. *See Cardoso v. Reno,* 216 F.3d 512 (5th Cir. 2000); *Momin v. Jaddou,* 113 F.4th 552 (5th Cir. 2024); and *Cheejati v. Blinken*, 106 F.4th 388 (5th Cir. 2024).

**THUS DONE AND SIGNED** this 12th day of December, 2025.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**